By the Court.—Sedgwick, Ch., J.
The objections made that the action was not by the original plaintiff, as representing the testator, and that if the substitution is allowed, the defendant cannot maintain certain offsets and counterclaims of the answer, do not call for a reversal of the order. The surrogate determined that the basis of his jurisdiction to appoint an administrator, was that the claim in the present action was an unadministered asset. On the other hand, the question on the appeal from the judgment is whether it should be affirmed or reversed. This will involve the legal relation of defendant’s alleged counterclaims and offsets to the claim as made by the original plaintiff, Barker Place, as executor. No question can arise as to the right of defendant to set up the counterclaims and offsets against the substituted plaintiff.
I am however of the opinion that Mr. James K. Place showed no reason for his being made a substituted plaintiff, as long as Barker Place, as executor, etc., remained plaintiff of record. As Mrs. Hayward, as administratrix, was not a party to the action, no question could be litigated between her and Mr. James K. Place. Perchance, she might have a right to apply to be substituted, and might be made plaintiff. Until this was an accomplished fact, Mr. Barker Place, as executor, was plaintiff, and had sole right to be so deemed. Although he had been removed as executor, his removal did not, of itself, affect this litigation. As to it, he had the power' to allow a party in interest, such as Mr. James K. Place is assumed to be, to prosecute the appeal for the purpose of revers *213 ing the judgment. And on the facts that appeared on the motion below, Barker Place was not unwilling to permit this to bo done. Mrs. Hayward could not prevent such a prosecution of the appeal, excepting by some application to the court. Upon such application, the court could proceed to determine what were ■ the rights of Mr. James K. Place.
I therefore think that no case was made on the merits for the substitution ordered below.
Section 1296 of the Code of Civil Procedure, is not applicable to this case, and its terms imply a party in interest, in order to be made a party to an appeal, under its provisions, must succeed wholly to the right of the party of record.
Order reversed, with §10 costs.
Freedman and Ingraham, JJ., concurred.